UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DONNELL MITCHELL, | ) | CASE NO. 1:07 CV 2097 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| EARLE B. TURNER, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Donnell Mitchell filed the above-captioned in forma pauperis action against Earle B. Turner on July 13, 2007. Mr. Mitchell asserts "[t]his action is commenced pursuant to SECTION 42: 12131 (ADA) AND 42.12121 § 12112.2201 and 2202 and 42 U.S.C., section 1983. SEC. 12101. *[Section 2].*" Compl. at 4 (emphasis in original). He alleges Mr. Turner purposely violated his rights under the Americans with Disabilities Act ("ADA") when he failed "TO PROTECT HIS RIGHTS AS A DISABLED PERSON FROM UNWANTED SEXUAL HARASSMENT AT THE MERCY OF CLEVELAND POLICE DETECTIVES AND CLERKS AT HIS PLACE OF WORK." Id. at 3. He seeks $5,000,000.00 in "LOST REVENUE" for "BREAKING OUR WRITTEN CONTRACT THAT ALLOWED DONNELL MITCHELL TO WRITE BAIL BONDS IN THE CITY OF CLEVELAND'S MUNICIPAL COURT." Id.

*Relevant Facts*

The complaint is devoid of any relevant facts in support of Mr. Mitchell's allegations. He advises that Mr. Turner is responsible for hiring "ANGRY UNDER EDUCATED (sic) CITY OF CLEVELAND EMPLOYEES THAT ENGAGE IN ATTEMPTED EXTORTION AND BRIBERY WITH NO PROFESSIONALISM." Id. at 2. This has allegedly led to plaintiff's "MEDICAL MENTAL SEIZURE WHEN DEALING WITH THESE UNPROFESSIONAL CITY OF CLEVELAND EMPLOYEES." Id.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss a claim under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action will be dismissed pursuant to § 1915(e).

*Analysis*

Mr. Mitchell has failed to state a claim under either §12101 or §12112 of the ADA. The Act was not passed as a general protection of medically afflicted persons; rather it protects people who are discriminated against either because they are in fact disabled or because their

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

employer mistakenly believes them to be disabled. See Christian v. St. Anthony Medical Center, Inc., 117 F.3d 1051 (7th Cir. 1997), cert. denied, 523 U.S. 1022 (1998); see also Monette v. Elec. Data Sys. Corp., 90 F.3d 1173, 1185 (6th Cir.1996) (prima facie case). The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Defendant is not Mr. Mitchell's employer. Moreover, the plaintiff has not alleged that he has a disability or that his disability was not accommodated by a public entity. Principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require . . . [the courts] to explore exhaustively all potential claims of a pro se plaintiff, . . . [and] would . ..transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278. Notwithstanding the myriad of factual allegations and legal conclusions, neither the ADA nor 42 U.S.C. § 1983 provide the protection Mr. Mitchell seeks.[2] Moreover, it appears that the plaintiff has not obtained an EEOC right-to-sue letter, which is a precondition to filing a lawsuit for discrimination under Title VII or the ADA in federal court. See 42 U.S.C. § 2000e-5(f)(1). Therefore, he has failed to state a claim for relief.

---

[2]Section 1983 alone creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. Baker v. McCollan, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. See e.g., Paul v. Davis, 424 U.S. 693, 699-701(1976).

Accordingly, plaintiff's application to proceed in forma pauperis (Doc. 2) is GRANTED and this action will be dismissed under § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

Dated: October 31, 2007  /s/ John R. Adams
JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.